IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

SUZANNE HIRAKAWA, individually )
and on behalf of the Estate of )
LUCKY HIRAKAWA, et al., )
                                                 )
        Plaintiffs, )
vs. )        Case No. 09-3488-CV-S-ODS
                                                 )
UNITED STATES OF AMERICA, et al., )
                                                 )
       Defendants. )

## ORDER AND OPINION GRANTING MOTION TO DISMISS DEFENDANTS UNITED STATES OF AMERICA AND MARTY ANDERSON

Pending is Defendants' Motion to Dismiss Defendants United States of America and Marty Anderson. For the following reasons the motion (Doc. # 27) is granted and these defendants are dismissed.

The Amended Complaint arises from the death of Lucky Hirakawa, an inmate in the custody of the Bureau of Prisons who was incarcerated at the Medical Center in Springfield, Missouri. Count I asserts a claim for wrongful death against the United States pursuant to the Federal Tort Claims Act ("FTCA"), predicated on an assertion of medical malpractice. Count II asserts a *Bivens* claim[1] against Marty Anderson (the Medical Center's warden), Dr. Robert King (a doctor at the facility), and up to fifty John Doe defendants that have not yet been identified, all predicated on a claim of deliberate indifference Hirakawa's serious medical needs. Dr. King waived service of summons and the time for him to file an Answer has not yet expired; he is not a party to or affected by the pending motion. The United States and Anderson seek dismissal of the claims against them.

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P.

---

[1]A claim for deprivation of constitutional rights by a federal actor permitted by Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The Government seeks dismissal of the Bivens claim against it. This request is moot because the Government is not a defendant on Count II. Moreover, Plaintiff acknowledges there is no Bivens claim against the Government.

Anderson seeks dismissal of the Bivens claim against him because the Amended Complaint does not allege he was personally involved in Hirakawa's treatment. Plaintiff does not dispute this characterization of her claims, but insists the Bivens claim can be supported because Anderson, as the warden, makes the ultimate decisions regarding accepting prisoners, staffing, funding, and so forth. A Bivens action must be predicated on personal involvement and cannot be predicated on a theory of respondeat superior. E.g., Bonner v. Outlaw, 552 F.3d 673, 679 (8th Cir. 2009). Therefore, Count II does not state a claim against Anderson.

With respect to the FTCA claim, the Government contends the Amended Complaint fails to adequately allege a federal actor "caused" Hirakawa's death. Paragraph 25 states that the negligent acts described earlier in the Amended Complaint "led to his death." The Court holds this is sufficient to allege the causal requirement

Defendants' final argument alleges Plaintiff has failed to comply with section 538.225 of the Missouri Statutes, which requires a plaintiff in a medical malpractice case to obtain and file an affidavit from a health care provider attesting that "the defendant health care provider failed to use such care as reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition." Plaintiff contends the affidavit is unnecessary because the suit is based on the Constitution, but this contention is not entirely correct. The FTCA claim against the Government is predicated on tort principles, and the governing law is the law of the state where the alleged tort occurred. 28 U.S.C. § 2674. Therefore, Plaintiff must comply with all aspects of Missouri law – including the affidavit requirement.

The "affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety day." Mo. Rev. Stat. § 538.225.5. Plaintiff first alleged a tort claim based on negligence/malpractice in the initial Complaint filed in December 2009. More than 180 days have passed, so even with the maximum extension permitted by law Plaintiff cannot timely file an affidavit. Accordingly, the United States is dismissed without prejudice. See Mo. Rev. Stat. § 538.225.6.\

In conclusion, Count I is dismissed without prejudice. Count II is dismissed as to Anderson for failure to state a claim against him. Count II remains as to Dr. King and the John Doe defendants.

IT IS SO ORDERED.

        /s/ Ortrie D. Smith
        ORTRIE D. SMITH, JUDGE
DATE: August 23, 2010        UNITED STATES DISTRICT COURT